```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Karen Shea,                    )
                               )
       Plaintiff,              )
                               )
       v.                      )    Civil Action No.
                               )    16-11488-NMG
Ditech Financial LLC and       )
Wilmington Savings Fund Society,)
FSB,                           )
                               )
       Defendants.             )
                               )
 _____
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves claims brought by plaintiff Karen Shea ("Shea" or "plaintiff") against defendants Ditech Financial LLC and Wilmington Savings Fund Society, FSB (collectively, "defendants") for 1) breach of contract, 2) violation of M.G.L. c. 244, § 35A, 3) negligent infliction of emotional distress, 4) intentional infliction of emotional distress and 5) violation of M.G.L. c. 93A. Pending before this Court is defendants' joint motion to dismiss the complaint for failure to state claims upon which relief can be granted. For the reasons that follow, their motion will be allowed.

I.  **Background**

Karen Shea and then-husband Patrick Shea bought the subject property at 145 Jericho Road, Scituate, Massachusetts ("the

Property") on October 6, 1996. Nearly ten years later, in March, 2006, the Sheas refinanced their mortgage with a $400,000 loan from Mt. Washington Cooperative Bank. They signed a promissory note ("the Note") and granted a mortgage on the Property ("the Mortgage") to secure the loan. The Mortgage was assigned to the Mortgage Electronic Registry System ("MERS") on the same day. In December, 2008, MERS assigned the Mortgage to Countrywide Home Loans Servicing, LP ("Countrywide"), the successor of which is Bank of America Home Loans Servicing, LP ("BAC"). On December 15, 2010, pursuant to a divorce decree, the Property was conveyed from Patrick and Karen Shea to Karen Shea alone.

After falling behind on her payments, BAC offered Shea a forbearance agreement under the Fannie Mae Homesaver program. Shea agreed to the offer and the agreement became effective on July 19, 2009 for a six-month period. Shea timely made payments for that entire period and claims that sometime thereafter, BAC instructed her to continue making the reduced payments which she did through July 20, 2010.

On May 14, 2010, BAC sent a Notice of Intention to Foreclose ("the Notice") to Shea. The Notice stated that if the default was not cured by June 13, 2010, payments would be accelerated. No such action was taken, however, until 2016.

BAC transferred the Mortgage to Green Tree Servicing, LLC ("Green Tree") by assignment recorded February 3, 2014. A corrective assignment was recorded on January 15, 2015 and Green Tree changed its name to Ditech Financial, LLC ("Ditech") on August 31, 2015.

Shea made several requests for loan modification at unspecified times between receiving the Notice and filing this action. On December 28, 2014, Green Tree acknowledged receipt of one such request but denied it three days later.

On January 8, 2015, Green Tree sent Shea a "Modification Trial Period Plan Notice" that would have allowed her to make payments for three months, which, if successfully made, would have made Shea eligible for certain modifications of the Mortgage. Shea asserts that she was unable to make those payments because they exceeded her income as calculated by Green Tree in their December 31, 2014 letter.

Shea sent a demand letter, pursuant to M.G.L. c. 93A, to Ditech, f/k/a Green Tree, on September 24, 2015 alleging unfair and deceptive trade practices in the servicing of her loan, as well as failure to apply the payments made under the Forbearance Agreement to the loan balance. Ditech responded on October 20, 2015 asserting that her payments had been applied to the outstanding balance on May 13, 2010 but it did not account for the alleged July 20, 2010 payment of $1,661.31.

**A. Procedural History**

Shea initiated this suit against Ditech in April, 2016 in Plymouth Superior Court, Massachusetts. Ditech removed the action to this Court in July, 2016 and shortly thereafter filed a motion to dismiss Shea's claims.

Ditech promptly sent Shea a Notice of Mortgage Foreclosure Sale and, on July 29, 2016, assigned the Note and Mortgage to Wilmington Savings Fund Society, FSB ("Wilmington"). Plaintiff amended her complaint to include Wilmington as a defendant on August 17, 2016.

Plaintiff filed a motion for preliminary injunction with this Court on August 11, 2016. That motion was held in abeyance until September 21, 2016, at which point it was denied because plaintiff failed to demonstrate a likelihood of success.

Shea's amended complaint alleges five counts: breach of the forbearance agreement (Count I), failure to give adequate notice prior to foreclosure in violation of M.G.L. c. 244, § 35A (Count II), negligent and intentional infliction of emotional distress (Counts III and IV, respectively) and unfair and deceptive business practices in violation of M.G.L. c. 93A (Count V).

On November 11, 2016, Wilmington filed an answer to plaintiff's first amended complaint. Ditech and Wilmington

subsequently filed a joint motion to dismiss the first amended complaint. That motion is the subject of this Memorandum.

## II. Defendant's Motions to Dismiss

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

While it differs from a Rule 12(b)(6) motion to dismiss in that it is filed after the close of pleadings and "implicates the pleadings as a whole," a Rule 12(c) motion for judgment on the pleadings is governed by the same standard. Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B.   Analysis**

As a threshold matter, although defendant Wilmington jointly filed a motion with Ditech to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), it has already filed an answer and thus its motion is properly characterized as a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c). Because the legal standard for Rule 12(c) motions are the same as those for Rule 12(b)(6) motions, however, Perez-Acevedo, 520 F.3d at 29, the Court will consider the motion as filed.

**1.   Count I:  Breach of the Forbearance Agreement**

In Count I, plaintiff alleges that defendants breached the Forbearance Agreement between BAC and Shea by commencing foreclosure proceedings on the subject property. Defendants respond that, because they were not parties to the Forbearance Agreement and did not assume BAC's obligations, they are not liable for the alleged breach.

"As a general matter, contracts do not bind nonparties." City of Revere v. Boston/Logan Airport Assocs., LLC, 416 F.

-6-

Supp. 2d 200, 208 (D. Mass. 2005) (citing EEOC v. Waffle House, Inc., 534 U.S. 279, 294 (2002)). Successors in interest may, however, expressly or impliedly assume the liabilities of a contract to which they were not a party. Id.

Plaintiff appears to assume that the Forbearance Agreement amended the Mortgage and, therefore, when defendants assumed the Mortgage they became a party to the Forbearance Agreement.

The Forbearance Agreement specifically provides, however, that it is not a modification of the Note or the Mortgage and, thus, it is not incorporated, explicitly or implicitly, into those legal documents. Because defendants are not parties to the Forbearance Agreement and there is no evidence that they assumed its obligations, they are not bound by that agreement. City of Revere, 416 F. Supp. 2d at 208.

Accordingly, Count I will be dismissed.

### 2. Count II: Failure to Provide Adequate Notice

Plaintiff contends that the Notice of Intention to Foreclose ("the Notice") provided only 30 days before acceleration, in violation M.G.L. c. 244, § 35A, which requires a 90-day notice.

Attempting to protect homeowners, § 35A "affords homeowners who have fallen behind in their mortgage payments a ninety-day right to cure a default." U.S. Bank Nat'l Ass'n v. Schumacher, 5 N.E.3d 882, 889 (Mass. 2014).

The Notice was issued on May 14, 2010 and stated that plaintiff had until June 13, 2010 to cure the default. Nevertheless, defendants' predecessor in interest, BAC, neither foreclosed nor accelerated payment within 90 days of the Notice. Because "foreclosure proceedings do not commence with the issuance of the written notice," id. at 890, plaintiff had approximately six years from receipt of the Notice until she filed her lawsuit to cure her default. Therefore, plaintiff has failed to allege a violation of § 35A. See id.

### 3. Counts III and IV: Infliction of Emotional Distress

Defendants move to dismiss Counts III and IV, negligent and intentional infliction of emotional distress, respectively, as time-barred. Plaintiff responds that she is entitled to equitable tolling pursuant to the "discovery rule".

A tort action in Massachusetts must be commenced within three years from the time that the alleged injury occurred. Pagliuca v. City of Boston, 626 N.E.2d 625, 628 (Mass. App. Ct. 1994). In claims of negligent infliction of emotional distress, the injury follows "closely on the heels of the negligent act." Quinn v. Walsh, 732 N.E.2d 330, 332 (Mass. App. Ct. 2000) (quoting Miles v. Edward O. Tabor, 789, 443 N.E.2d 1302 (Mass. 1982)). For claims of intentional infliction of emotional

distress, "the injury occurs on the date a plaintiff first experiences anxiety or distress . . . ." Id.

Here, plaintiff's alleged emotional distress arose on or about May 14, 2010, when BAC sent her a notice of its intent to foreclose but she did not initiate this lawsuit until nearly six years later, on April 12, 2016, well beyond the three-year limitations period. See Pagliuca, 626 N.E.2d at 629.

Under the so-called discovery rule, however, if plaintiff has suffered an "inherently unknowable" injury, the statute of limitations will be tolled until she knows, "or with reasonable diligence should know," that she suffered an injury and the identity of the defendant who caused that injury. Harrington v. Costello, 7 N.E.3d 449, 453-54 (Mass. 2014). In relying upon the discovery rule, plaintiff bears the burden of proving both the actual lack of causal knowledge and the objective reasonableness of that lack of knowledge. Koe v. Mercer, 876 N.E.2d 831, 836 (Mass. 2007) (citing Doe v. Creighton, 786 N.E.2d 1211, 1213 (Mass. 2003)).

Plaintiff proffers that she did not know nor could reasonably have known that she may have been harmed by BAC's actions. She does not offer any factual allegations, however, to support that claim. The Court will not credit such a conclusory allegation. See Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 556 U.S. at 678).

Accordingly, plaintiff is not entitled to equitable tolling of the limitations period and Counts III and IV will be dismissed as time-barred.

### 4. Count V: Violation of M.G.L. c. 93A

In Count V, Shea alleges that defendants' conduct constitutes unfair and deceptive business practices, in violation of M.G.L. c. 93A ("93A"). Defendants maintain that her 93A claim is barred by the statute of limitations.

The statute of limitations for a 93A claim is four years. M.G.L. c. 260, § 5A. Although plaintiff contends that she is entitled to equitable tolling under the discovery rule, for the reasons explained above, her 93A claim is time-barred.

### 5. Failure to Comply with Local Rule 7.1(a)(2)

Finally, plaintiff avers that defendants' motion to dismiss should be stricken because they did not confer with her before filing it, in violation of Local Rule 7.1(a)(2). The Court disagrees. Although the purported failure of the defendants to meet and confer with plaintiff regarding the motion is disconcerting, "summary denial" of their motion on that ground is unwarranted. See Blanchard v. Swaine, No. 08-40073, 2010 WL 4922699, at *5 (D. Mass. Nov. 29, 2010).

**ORDER**

For the foregoing reasons, the motion of defendants Ditech Financial LLC and Wilmington Savings Fund, FSB to dismiss the first amended complaint (Docket No. 28) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 15, 2017